UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

STEVEN BUSCH,

      Plaintiff,

v.                                    Civil Action No._____

VAN RU CREDIT CORPORATION and
STUART WESTERMAN,

      Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collections Practices Act 15 U.S.C. § 1692 *et seq.* (hereinafter referred to as the "Act"). Plaintiff seeks actual damages, costs and attorney fees.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d).

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Steven Busch is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Van Ru Credit Corporation (hereinafter "Van Ru Credit") is a corporation organized and existing under the laws of the State of Illinois and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. Defendant Stuart Westerman is an employee of Van Ru Credit and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

7. Defendants regularly attempt to collect debts alleged to be due another.

8. The acts of the Defendant Van Ru Credit alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9. That all references to "Van Ru Credit" herein shall mean the Van Ru Credit or an employee of the Defendant.

## FACTUAL ALLEGATIONS

10. That Plaintiff incurred a credit card obligation. Said debt will hereinafter be referred to as "the subject debt."

11. That the subject debt arose out of a transaction in which the money, services or property which was the subject of the transaction was primarily for personal, family and/or household purposes.. As such, said debt is a "debt" as that term is defined by 15 U.S.C.§1692a(5).

12. That Plaintiff defaulted on the subject debt.

13. That in July of 2006, Stuart Westerman called Plaintiff at his residence and left a message on his telephone answering machine. In said message, said Defendant requested that Plaintiff return his call.

14. That Stuart Westerman did not disclose in the telephone message described in paragraph 13 of this complaint that he was a debt collector.

15. That Plaintiff retrieved the aforesaid telephone message while he was at Innovative Concepts of Entertainment, his place of employment.

16. Plaintiff, unaware that the aforesaid telephone message was from a debt collector, returned the call of Stuart Westerman from work and spoke with him. During said telephone conversation, Stuart Westerman stated that he was attempting to collect a debt. Plaintiff replied that he was not permitted to receive calls at work and asked him not to call him there.

17. That on August 3, 2006, Stuart Westerman called Plaintiff at his place of employment and left a message on Plaintiff's voicemail.

18. That on August 7, 2006, Stuart Westerman called Plaintiff at his place of employment and left a message for Plaintiff to return his call.

19. That on August 7, 2006, Plaintiff returned Stuart Westerman's call and spoke with him. During said conversation, Stuart Westerman acknowledged having previously being told that Plaintiff was not allowed to receive telephone calls at work. After Plaintiff again demanded that no further telephone calls be made to

him at work, Stuart Westerman replied, "If you'd rather that I speak with your supervisor, that's fine."

20. That on August 8, 2006, Stuart Westerman again called Plaintiff at his place of employment. On this occasion he left a message on Plaintiff's voicemail stating:

> This message is for Steven Busch. Please call Stuart Westerman at 800-708-2375 extension 2457. I need the name of your supervisor. I can either talk to you or with them. You mentioned about not wanting to get in trouble but you've been able to call me twice, once to play games, once to talk about not having the time to talk with me. So either please call me with the name of your supervisor and I'll just deal with your supervisor from now on instead of with you. Either way, Stuart Westerman at 800-708-2375 extension 2457.

21. That on August 9, 2006, Van Ru Credit called Plaintiff at his place of employment, but chose not to leave any message.

22. That on August 14, 2006, Stuart Westerman called Plaintiff at his place of employment and spoke with Plaintiff. During said telephone call, Plaintiff reminded Stuart Westerman that Plaintiff was not permitted to receive personal calls at work. Stuart Westerman replied, "I am not calling to speak with you, I am calling to speak to your supervisor. Who is your supervisor?"

23. That on August 22, 2006, Van Ru Credit called Plaintiff at his place of employment and left a message on his voicemail.

24. That on one occasion, one of the telephone conversations previously described in this complaint was overheard by one of his coworkers who asked, "What was that about?"

25. That after receiving the aforementioned threats from Stuart Westerman that he would be speaking with Plaintiff's supervisor, Plaintiff informed his supervisor that he might be receiving a telephone call from a debt collector.

26. That as a result of the numerous telephone calls made by Defendants to Plaintiff's place of employment, Plaintiff was terminated for receiving and making too many personal telephone calls.

27. That the value of the salary and benefits received by Plaintiff at Innovative Concepts of Entertainment far exceeded the value of the salary and benefits he received at any prior place of employment.

28. That the value of the salary and benefits received by Plaintiff at Innovative Concepts of Entertainment far exceeded the value of the salary and benefits

Plaintiff could reasonably expect to receive in the future given his education and employment experience.

29. That Plaintiff's earning potential was diminished by reason of having been terminated by Innovative Concepts of Entertainment.

30. That as a result of the Defendants conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to pecuniary loss, lost wages and employment benefits, and emotional distress.

## CAUSES OF ACTION

31. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 30 of this complaint.

32. That Defendants violated multiple provisions of the FDCPA. The nature of defendant's violations include but are not limited to the following:

    A. Defendants violated 15 U.S.C. §1692c(a)(3), 15 U.S.C. §1692d, 15 U.S.C. §1692d(5) by repeatedly communicating with Plaintiff at his place of employment after having been informed that he was not permitted to receive personal telephone calls at work, and after having been requested not to call him at work.

    B. Defendants violated 15 U.S.C. §1692e(11) by leaving the telephone message described in paragraphs 13 and 14 of this complaint without disclosing that he was a debt collector.

    C. Defendants violated 15 U.S.C. §1692b(2), 15 U.S.C. §1692c(a)(3), 15 U.S.C. §1692d, 15 U.S.C. §1692d(5), 15 U.S.C. §1692e, 15 U.S.C. §1692e(5), and 15 U.S.C. §1692f by repeatedly making threats to Plaintiff to call his supervisor and disclose the existence of Plaintiff's debt.

33. That as a result of the Defendants conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to pecuniary loss, lost wages and employment benefits, and emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

Dated: January 24, 2007

s/KENNETH R.HILLER, ESQ.
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Steven Busch, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: January 23, 2007          s/Steven Busch
                                                      Steven Busch